UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

Case No. _____

| | | |
|---|---|---|
| MICHAEL BEYERLE and<br>JENNIFER BEYERLE, | )<br>)<br>) | PLAINTIFFS |
| v. | )<br>) | |
| NORTH HARRISON COMMUNITY<br>SCHOOL CORPORATION, NATHAN<br>FREED, and<br>STEPHEN HATTON, | )<br>)<br>)<br>)<br>) | DEFENDANTS |

## **COMPLAINT**

Comes now the Plaintiffs, Jennifer "Jill" Beyerle and Michael Beyerle ("the Beyerles"), by counsel, and for their Complaint against the Defendants, North Harrison Community School Corporation ("NHCS"), Nathan Freed, and Stephen Hatton, state as follows:

### PARTIES

1. The Plaintiffs are residents of Harrison County, Indiana.

2. NHCS is an Indiana School Corporation organized under Title 20 of the Indiana Code and is subject to service upon its Board of Trustees at 1260 Highway 64, NW, Ramsey, IN 47166, and upon its attorney, Marcus M. Burgher, IV at Burgher & Burgher, PC, 200 North Elm Street, Corydon, IN 47112.

3. At all times relevant hereto, Nathan Freed was the Superintendent of the NHCS, is a resident of the State of Indiana residing at 2152 Havenview Dr. NW, Corydon, Indiana 47112.

4. At all times relevant hereto, Stephen Hatton was the Assistant Superintendent of the NHCS, is a resident of the State of Indiana, and resides at 6100 Pioneer Trail NE, Georgetown,

Indiana 47122.

## JURISDICTION AND VENUE

5. This action is brought against the Defendants pursuant to 42 USC § 1983 for deprivation of civil rights under the substantive "due process" clause of the Fourteenth Amendment and the "freedom of speech" clause of the First Amendment to the United States Constitution. In addition, this action is further brought on various claims under Indiana tort and contract law.

6. Jurisdiction is founded upon 28 USC 1331, 1343(a)(1) and 1367(a).

7. Venue is proper in this Court pursuant to 28 USC 1391 in that all Defendants reside in this District and all events which give rise to this action occurred within this District.

## COMPLIANCE WITH INDIANA TORT CLAIMS ACT

8. Pursuant to I.C. 34-13-3-11, a Tort Claim Notice was sent to the Defendants on May 17, 2023.

9. More than 90 days have elapsed since service of the Tort Claim Notice, and the Defendants have not responded.

## FACTS COMMON TO ALL COUNTS

10. Michael and Jill Beyerle are bus drivers who have had contracts with North Harrison Community Schools since 2015 and 1999, respectively.

11. On November 10, 2022, the North Harrison Board of School Trustees ("School Board") held a properly noticed, public meeting. At that meeting, the School Board voted unanimously to extend all existing bus contracts – including those of Michael and Jill Beyerle – for an additional four (4) years, beginning with the 2023-24 school year.

12. Shortly thereafter, Michael Beyerle and Jill Beyerle each executed written, 4-year contracts ("Contracts") with North Harrison Community Schools to continue servicing their prior bus routes.

13. The Beyerle's Contracts were signed by all five of the then-board members, three of whom (constituting a majority) are still members of the current School Board in approximately February of 2023. However, the School Board post-dated the Contracts as being dated July 30, 2023.

14. True and accurate copies of the Beyerle's signed Contracts are attached as **Exhibits A and B**.

15. The Beyerle's rights under the Contracts constitute a "property interest" protected by the Fifth and Fourteenth Amendments to the United States Constitution.

16. At the time the Contracts were being signed and continuing thereafter, Michael Beyerle was both publicly and privately critical of the job performance of the North Harrison School Superintendent, Nathan Freed, and of the Assistant Superintendent, Stephen Hatton.

17. In criticizing Freed's and Hatton's job performance, Michael Beyerle was exercising his constitutional rights of both free speech and to petition the government – conduct protected by the First Amendment to the US Constitution.

18. In retaliation for Mr. Beyerle's exercise of his constitutionally protected criticism of the School Corporation's management, Freed and Hatton conspired to interfere with and cause the termination of the contracts between Michael Beyerle, his wife, Jill Beyerle, and the School Corporation. In furtherance of this conspiracy, Freed and Hatton solicited new bids for all bus contracts for the school district.

19. At a meeting with the existing bus drivers, Superintendent Freed assured all bus drivers with existing contracts that "everyone is getting their routes back." However, Freed claimed that a new bidding process needed to be undertaken to comply with contracting procedures.

20. As Freed had instructed, Michael and Jill Beyerle re-submitted bids that were identical to the 4-year Contracts which had already been approved by unanimous vote of the School Board and had been signed by a majority of both the previous and current School Boards.

21. At the conclusion of the bidding process, Superintendent Freed formally recommended to the School Board that Michael and Jill Beyerle's contracts be revoked.

22. However, Superintendent Freed recommended renewal of every other bus driver's contracts.

23. Freed's recommendation to terminate and void the signed 2023-2027 contracts Michael and Jill Beyerle was made as a result of personal animus towards Michael Beyerle and as retaliation for Michael Beyerle's constitutionally-protected speech critical of the School Corporation's management.

24. The Superintendent's recommendation to breach the Beyerles' written contracts was approved by the School Board at their meeting on April 13, 2023.

25. NHCS subsequently hired different drivers to assume the Beyerles' routes.

## CAUSES OF ACTION

### Count 1: 42 USC § 1983 Claim: Retaliation for Exercise of Rights Under the First Amendment to the United States Constitution

For Count 1 of their Complaint against all Defendants, Plaintiffs state:

26. Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

27. A governmental entity may not deprive a citizen of a property interest in retaliation for the citizen's exercise of their free speech rights. *Robb v. Philadelphia*, 733 F.2d 286, 295 (3d Cir. 1984) ("Those acting under color of state law may not deny a benefit to a person on a basis that infringes his constitutionally protected interest in freedom of speech, regardless of whether the person has a 'right' to that benefit.").

28. The Beyerles had a property interest in their signed, multi-year contracts with NHCS that was protected under the "due process" clause of the 14th Amendment – i.e., they had a "legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972).

29. The Beyerle's contract rights under their signed contracts with NHCS were terminated in retaliation for Michael Beyerle's exercise of his First Amendment Rights under the United States Constitution.

30. The Beyerles are entitled to recovery of compensatory damages, punitive damages, and attorneys' fees from Defendants under 42 U.S.C. § 1983 and 1988.

Count 2: Breach of Contract

For Count 2 of their Complaint against NHCS Plaintiffs state:

31. Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

32. By the above-referenced conduct, NHCS breached its written, signed, 4-year Contracts with the Beyerles.

33. The Beyerles are entitled to recover compensatory damages and pre-judgment interest for NHCS's breach of the Contracts.

34. While the total compensatory damages of this breach are yet to be determined, Indiana schools must have a minimum of 180 educational days each academic year.

35. Jill Beyerle's contract provided for compensation in the amount of $285.78 per day (plus mileage and other expenses). Given the minimum of 180 school days per year, Jill Beyerle would have been paid s contract would have earned **$205,761.60** in compensation, plus mileage and reimbursement of expenses.

36. Michael Beyerle's contract provided for compensation in the amount of $255.40 per day. Given the minimum of 180 school days per year, Michael Beyerle would have been paid s contract would have earned **$183,888.00** in compensation, plus mileage and reimbursement of expenses.

### Count 3: Breach of Contract

For Count 3 of their Complaint against all Defendant NHCS Plaintiffs state:

37. At the time NHCS revoked the Beyerles' Contracts, Michael Beyerle was owed **$30,600.00** in back-pay from his previous contracts.

38. NHCS has not paid Michael Beyerle's back-pay.

39. At the time NHCS revoked the Beyerles' Contracts, Michael Beyerle was owed **$14,904.00** in mileage from his previous contracts.

40. NHCS has not paid this mileage.

41. At the time NHCS revoked the Beyerles' Contracts, Jill Beyerle was owed **$21,150.00** in back-pay from her previous contracts.

42. NHCS has not paid Jill Beyerle's back-pay.

43. NHCS failure and refusal to pay the Beyerle's owed back-pay and mileage constitute breaches of their prior contracts, preceding the Contracts primarily at issue in this case.

44. Plaintiffs are entitled to compensatory damages and pre-judgment interest for these breaches of their prior contracts.

Count 4: Reliance/Promissory Estoppel

For Count 4 of their Complaint against NHCS Plaintiffs state:

45. Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

46. NHCS made promises to the Beyerles that their contracts would be extended until 2027.

47. These promises include executing written, 4-year contracts, signed by the entire School Board.

48. These promises also include assurances by Superintendent Freed during the re-bidding process (after the contracts were signed) that "everyone is getting their routes back."

49. The Beyerles reasonably relied on these promises by foregoing other employment.

50. The Beyerles reasonably relied on these promises by purchasing new equipment in anticipation of performing their contracts in the 2023-2027.

51. Among the equipment the Beyerles purchased in reliance on the Contracts were two new buses for **$127,181** each – a total of **$254,362**.

52. Under the doctrine of promissory estoppel, the Beyerles are entitled to compensatory damages for the income they would have earned under the contracts, the amounts they spent on purchasing equipment, and the amounts they spent on the two buses plus prejudgment interest.

Count 5: Tortious Interference with Contracts

For Count 5 of their Complaint against Freed and Hatton Plaintiffs state:

53. Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

54. The Contract was a binding, 4-year contract between the Beyerles and NHCS.

55. Defendants Freed and Hatton were aware of the Contract.

56. Defendants Freed and Hatton intentionally interfered with the Contract for an improper purpose.

57. As a result of Freed's and Hatton's interference, NHCS breached the Contract.

58. By the above-referenced conduct, Defendants Freed and Hatton tortiously interfered with the Beyerles' Contract with NHCS.

59. To the extent Freed and Hatton acted within the scope of their employment for NHCS, NHCS is liable to the Beyerles for compensatory damages under principles of respondeat superior and under the Indiana Tort Claims Act.

60. To the extent Freed and Hatton's conduct is deemed to be outside the scope of Indiana's Tort Claims Act, they are individually liable to the Beyerles for compensatory and punitive damages.

WHEREFORE, Plaintiffs, Jennifer "Jill" Beyerle and Michael Beyerle, demand judgment against Defendants as follows:

A. For an amount of compensatory damages that is fair and reasonable as established by the evidence;

B. For punitive damages;

C. For prejudgment interest from the date of the injury until such time as judgment is paid;

D. For a trial by jury;

E. For their costs herein expended; and

F. For any and all other relief to which they may be entitled.

Dated: August 17, 2023     */s/ J. David Agnew*
J. DAVID AGNEW
Indiana Attorney No. 21531-49
Counsel for Plaintiff
LORCH NAVILLE WARD LLC
P.O. Box 1343 – 506 State Street
New Albany, IN 47151-1343
Telephone: (812) 949-1000
dagnew@lnwlegal.com

## DEMAND FOR JURY TRIAL

Come now the Plaintiffs, Jill Beyerle and Michael Beyerle, by counsel, and demand their right to trial by jury.

*/s/ J. David Agnew*
J. David Agnew
Counsel for Plaintiffs

50365